UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MULLALLY,<br><br>                        Plaintiff,<br><br>  v.<br><br>KARINA CAMPOS d/b/a M&T AUTO REPAIR,<br><br>                        Defendant. | Case No. 23-cv-1955-BAS-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' REQUEST FOR IN FORMA PAUPERIS STATUS (ECF No. 2);**<br><br>**(2) DISMISSING *SUA SPONTE* FOR LACK OF SUBJECT MATTER JURISDICTION; AND**<br><br>**(3) DENYING MOTION TO APPOINT COUNSEL (ECF No. 3)** |

    Chrisopher Mullaly files this action in federal court, requesting $15,000 damages from a lost Winnebago he had towed to M&T Automotive. Mullaly requests *in forma pauperis* ("IFP") status (ECF No. 2) and asks for appointment of counsel. (ECF No. 3.) However, he does not explain why the case was filed in federal court as opposed to state court. Since federal court lacks subject matter jurisdiction over this case, the Court **DISMISSES** the case without prejudice.

I.  ANALYSIS

   A.  **Request to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted IFP status pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Under 28 U.S.C. § 1915, indigency is the benchmark for whether a plaintiff may proceed IFP. The determination of indigency falls within the district court's sound discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "[s]ection 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement on indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not be completely destitute to satisfy the IFP indigency threshold. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To qualify for IFP status, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and the dependents with the necessities of life." *Id.* at 339. However, "care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See Skylar v. Saul*, No. 19-CV-1581-NLS, 2019 WL 4039650, at *3 (S.D. Cal. Aug. 27, 2019).

Mullaly lists income of $1200 - $1400 a month, including public assistance. He lists monthly expenses of $1555. (ECF No. 2.) Thus, this Court GRANTS his request to proceed IFP.

   B.  ***Sua Sponte*** **Screening**

Under 28 U.S.C. § 1915(e)(2)(B), courts must *sua sponte* dismiss IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."); *Chavez v. Robinson*, 817 F.3d 1162, 1167–68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal—even if dismissal comes before the defendants are served"). "[T]he provisions of section 1915(e)(2)(B) are not limited to [complaints filed by] prisoners," but extend to all IFP pleadings. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam).

Courts address the issue of subject matter jurisdiction first, as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Courts may consider the issue of subject matter jurisdiction *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

  Generally, federal jurisdiction is dependent on either diversity jurisdiction or federal question jurisdiction. Diversity jurisdiction exists when an action is between "citizens of different States" and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Complete diversity exists where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In other words, the plaintiff and the defendant can't both be residents of California, and the amount of damages has to be more than $75,000.

  For federal question jurisdiction, the case must arise under federal law. "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (quoting *Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 948 (9th Cir. 2004)).

  In this case, Mullaly files what appears to be a classic state-court case in federal court. He does not state any grounds for federal jurisdiction. There are no allegations that diversity jurisdiction exists. In fact, Mullaly appears to be seeking only $15,000 in damages, and there are no allegations with respect to the citizenship of each of the parties. Nor are there allegations that federal law creates the cause of action or that resolution of the case depends on the resolution of a substantial question of federal law. Thus, it appears this case should be filed in state court, not in federal court. For those reasons, the Court DISMISSES the Complaint *sua sponte* without prejudice for lack of subject matter jurisdiction.

  Mullaly has also filed a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1). (ECF No. 3.) The decision to appoint counsel is within "the sound discretion of the trial court[,] and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Since the Court finds this case may

not be properly filed in federal court, the Court **DENIES** the request for counsel.  (ECF No. 3.)

## II.   CONCLUSION

For the above reasons, the Court **GRANTS** Plaintiff's Request to proceed IFP (ECF No. 2), but *sua sponte* **DISMISSES** the case for lack of federal jurisdiction.  If Mr. Mullaly believes he can allege federal jurisdiction either by alleging that diversity jurisdiction exists or that the case raises a federal question, he must file an Amended Complaint by **February 8, 2024**.  Otherwise, this case should be filed in state court as opposed to federal court.  Additionally, the Court **DENIES** Mullaly's Request for Counsel.  (ECF No. 3.)

**IT IS SO ORDERED.**

DATED: January 18, 2024

Hon. Cynthia Bashant
United States District Judge